IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE BAKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-490-NJR |
| BOB ALLARD, COUNSELOR CLARK, and MR. HILEMAN, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Donnie Baker filed this *pro se* action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was not taken to a hospital after he suffered a personal injury. He seeks monetary relief.

Baker also seeks leave to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepayment of the filing fee for this action. (Doc. 2). Although Baker sues a number of officials with the Illinois Department of Corrections ("IDOC"), he was not in prison at the time he filed his Complaint. Thus, he is not a prisoner under 28 U.S.C. § 1915(h). Nevertheless, the district court may deny the otherwise qualified plaintiff leave to proceed IFP and dismiss the case, if the action does not survive screening under 28 U.S.C. § 1915(e)(2), which requires dismissal of a complaint, or any claim therein, that is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The test for determining if an action is frivolous or meritless under Section

1915(e)(2)(B)(i) is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous if it "lack[s] an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.* at 327-328. A claim is factually frivolous if it is "clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." *Felton v. City of Chicago,* 827 F.3d 632, 635 (7th Cir. 2016) (quotation omitted) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992)); *see also Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (a case can be dismissed as factually frivolous when the allegations "are so nutty ("delusional" is the polite word) that they're unbelievable.").

## The Complaint

In his Complaint, Plaintiff makes the following allegations: He suffered a personal injury and should have been sent to the hospital right away. (Doc. 1, p. 6). He lists grievance officials Bob Allard (grievance officer), Counselor Clark, and Mr. Hileman (ARB official) as defendants.

## Discussion

Although the Court is required to construe Plaintiff's Complaint liberally, he fails to provide the Court with enough information "to state a claim to relief that is plausible on its face," and the Court is not obligated to craft a claim on Plaintiff's behalf. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's Complaint lists several grievance officials but fails to allege how they violated his constitutional rights. He indicates in a single sentence that he was injured and should have been sent to the hospital, but he provides no additional allegations regarding the injury he suffered. He attaches a grievance from March, 29, 2018, which indicates that his private parts were stuck in the zipper of his pants and that he was taken to the healthcare unit where he was treated by a nurse (Doc. 1, pp. 9-10). But his Complaint fails to allege any treatment, if any,

2

he received from Defendants. A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, if Plaintiff wants to pursue his claims, he must file an amended complaint. The amended complaint should identify *who* violated Plaintiff's constitutional rights by name, include a description of *how* Plaintiff's rights were violated, and *when* that violation took place.

## Disposition

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 16, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED:** 7/16/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**